STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6831/6830
    Facsimile: (415) 436-7234
    Email:  Laura.Vartain@usdoj.gov
           Kyle.Waldinger@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ZACHARY SCHULZ APTE,<br>    a/k/a ZACHARY APTE,<br>    a/k/a ZAC APTE,<br>    and<br>JESSICA SUNSHINE RICHMAN,<br>    a/k/a/ JESSICA RICHMAN,<br><br>    Defendants. | NO. CR 21-00116 CRB<br>[INDICTMENT FILED MARCH 18, 2021] |
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  v.<br><br>JESSICA RICHMAN and<br>ZACHARY APTE,<br><br>    Defendants. | NO. CV 21-01911 YGR<br>[COMPLAINT FILED MARCH 18, 2021]<br><br>**NOTICE OF RELATED CASE IN A CRIMINAL ACTION** |

    1.    The United States of America, pursuant to Criminal Local Rule 8-1, hereby notifies the

NOTICE OF RELATED CASE
U.S. v. APTE & RICHMAN/SEC v. RICHMAN & APTE

Court that the two above-captioned cases are related.

**The Criminal Case**

2. On March 18, 2021, a grand jury sitting in this District returned a 47-count Indictment charging the defendants Zachary Apte and Jessica Richman with conspiracy, health care fraud, aggravated identity theft, wire fraud, securities fraud, and money laundering. *See United States v. Apte and Richman*, CR 21-00116 CRB. A copy of the Indictment is attached hereto as Exhibit 1.

3. The Indictment in case number CR 21-00116 CRB alleges that Apte and Richman founded and controlled a company headquartered in San Francisco known as uBiome, Inc. ("uBiome"). (The government has learned that, in addition to maintaining its headquarters in San Francisco, uBiome also maintained laboratory testing facilities in San Francisco.) The Indictment alleges that, at times, Apte and Richman resided together in San Francisco. The criminal action was assigned to the San Francisco Division pursuant to Criminal Local Rule 18-1.

4. As alleged in the Indictment, uBiome's business activities included the submission of reimbursement claims to numerous public and private health insurance providers. These claims sought reimbursement for uBiome's laboratory's testing of fecal and vaginal samples submitted to uBiome by those insurance providers' policy beneficiaries. The Indictment alleges that, between 2015 and 2019, uBiome submitted more than $300 million in such claims, for which it received more than $35 million.

5. The Indictment also alleges that uBiome, Apte, and Richman raised capital from investors. During the 2016 to 2019 period, investors purchased at least approximately $75 million in stock either from uBiome or from Apte and Richman themselves. These funds were raised during uBiome's "Series B" and "Series C" fundraising rounds.

6. The Indictment alleges that Apte and Richman engaged in schemes to defraud both health care benefit programs and investors. Among other crimes, the Indictment contains conspiracy charges and substantive health care fraud, wire fraud, and securities fraud charges pertaining to these schemes to defraud.

7. Warrants have been issued for Apte's arrest and Richman's arrest. Neither Apte nor Richman have been apprehended. Based on information in the government's possession, it is believed that Apte and Richman wed as early as late 2019 and then left the United States in July 2020. They are

believed to now be residing in Germany. No initial appearance or arraignment hearings have been scheduled.

8. Although no court appearances have yet occurred in the criminal case numbered CR 21-00116 CRB, the government has filed several documents pertaining to *lis pendens* that it has filed with respect to two parcels of real property in Miami Beach, Florida.

**The Civil Case**

9. On March 18, 2021, the Securities and Exchange Commission ("SEC") filed a Complaint naming Jessica Richman and Zachary Apte as defendants. *See SEC v. Richman and Apte*, CV 21-01911 YGR. A copy of the SEC's Complaint is attached hereto as Exhibit 2. The individuals named as defendants in the *SEC v. Richman and Apte* case are the same individuals charged in the criminal case numbered CR 21-00116 CRB.

10. The SEC's Complaint alleges that a substantial part of the events or omissions that give rise to the claims alleged in the Complaint occurred in San Francisco County, where uBiome's principal place of business was located. Accordingly, the SEC's Complaint sought assignment to the San Francisco or Oakland Division under Civil Local Rule 3-2(d).

11. The SEC's Complaint alleges that Richman and Apte violated the antifraud provisions of the federal securities laws and asserts two claims for relief: (1) defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; and (2) defendants violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

12. As set forth in the SEC's Complaint, these claims pertain to the offers and sales of uBiome securities. The allegations in the Complaint arose out of the defendants' scheme to inflate uBiome's revenues through improper insurance billing practices and to mislead investors during uBiome's "Series C" fundraising round.

13. Significantly, the SEC's Complaint alleges violations of some of the same substantive legal provisions that are alleged in the Indictment. Specifically, the first claim for relief in the SEC's Complaint alleges violations of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. These provisions form part of the basis for the criminal charges set forth in Counts Thirty-Three through Forty-One of the Indictment, which allege fraud in connection with the purchase and sale of securities.

14. Although the SEC's Complaint does not bring substantive health care fraud claims for relief, the Complaint nevertheless contains allegations about uBiome's submission of reimbursement claims to insurers. For example, the Complaint alleges that Richman and Apte "painted a false picture of uBiome as a rapidly growing company with a strong track record of reliable revenue through health insurance reimbursements for its tests." Compl., ¶ 2. The Complaint also contains several allegations regarding uBiome's "improper [insurance] billing practices." *See, e.g.*, Compl. ¶¶ 4, 21 & 37.

15. Based on the government's review of the docket in the civil case numbered CV 21-01911 YGR and on conversations with counsel for the SEC, the government believes that service of the SEC's Complaint has not yet been accomplished on the defendants Richman and Apte.

**The Two Cases Are Related**

16. In short, both the Indictment and the SEC's Complaint pertain to alleged fraudulent or improper activities by Apte and Richman with respect to the operation of uBiome's business and in relation to uBiome's fundraising.

17. Based on all of the facts set forth above, and on other allegations set forth in the attached Indictment and Complaint, the two cases are related because they "concern one or more of the same defendants and [at least some of] the same alleged events, occurrences, transactions or property." Crim. L.R. 8-1(b)(1). Furthermore, the United States believes that the two cases are related within the meaning of Criminal Local Rule 8-1(b)(2) because "[b]oth actions appears likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different Judges." The actions may entail substantial duplication of labor if heard by different judges because there are numerous facts and allegations that are common to each action.

18. For all of these reasons, pursuant to Criminal Local Rule 8-1(c)(4), the government believes that assignment to a single judge is likely to conserve judicial resources and promote an efficient determination of the action.

19. As explained above, the criminal case is venued in San Francisco, where the company's headquarters were located prior to its bankruptcy filing in September 2019, and where the defendants resided at times. As also explained above, the SEC's Complaint alleges that a substantial part of the

///

events or omissions that give rise to the civil claims occurred in San Francisco County.

DATED: May 7, 2021                                     Respectfully submitted,

                                                       STEPHANIE M. HINDS
                                                       Acting United States Attorney


                                                       _____/s/_____
                                                       KYLE F. WALDINGER
                                                       LAURA VARTAIN HORN
                                                       Assistant United States Attorneys